UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEFFERY DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:23-CV-227-TAV-JEM ) |
| STATE OF TENNESSEE, | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM OPINION**

After the Court received various filings from Petitioner seeking relief from a conviction or sentence [Docs. 1, 1-1, 1-2, 1-3], the Court entered an order (1) noting that it appeared Petitioner may have intended to file the petition for post-conviction relief that he filed in this case with the state court, rather than this Court, (2) directing the Clerk to send Petitioner a form petition for 28 U.S.C. § 2254 relief, and (3) providing Petitioner 30 days to return a completed § 2254 petition if he wished to proceed in this action [Doc. 7, pp. 1–3]. Petitioner complied with this order by filing an amended petition [Doc. 8].[1] For the reasons set forth below, this action will be **DISMISSED without prejudice**.

---

[1] Petitioner also filed three supplements to his petition [Docs. 9, 10, 11]. While one of these supplements appears to set forth claims related to Petitioner's underlying criminal proceedings [Doc. 10], the other two seem to seek relief for incidents during Petitioner's confinement [Docs. 9, 11].

But habeas corpus relief is not available for claims arising out of constitutional violations during a prisoner's confinement, as those claims "do not relate to the legality of the [his] confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980). As such claims "fall outside of the cognizable core of habeas corpus relief," they should be brought under 42 U.S.C. § 1983. *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Before a federal court may grant habeas corpus relief, the petitioner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that a habeas corpus petitioner "is required first to exhaust his state court remedies"). A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a habeas corpus petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself").

In his amended petition for habeas corpus relief, Petitioner seeks habeas corpus relief based on, among other things, a claim for ineffective assistance of counsel [Doc. 8, p. 10]. Petitioner also states in his petition that the Tennessee Court of Criminal Appeals issued its decision on his direct appeal of his convictions on June 8, 2023 [*Id.* at 2], and he has not filed a petition for post-conviction relief regarding his convictions [*Id.* at 3].

---

Additionally, Petitioner's attempts to amend and/or supplement his petition with piecemeal filings does not comply with this Court's Local Rule, which requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading and provides that failure to do so is grounds to deny the motion. E.D. Tenn. L.R. 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

Nevertheless, as it is apparent from the face of the amended petition that Petitioner did not exhaust his available state court remedies for at least one of his claims prior to filing this action, the Court will dismiss this action on that ground for the reasons set forth more fully herein.

However, Petitioner still has the ability to seek post-conviction relief in the state court for his ineffective assistance of counsel claim. *Howard v. State*, 604 S.W.3d 53, 57 ("'The deprivation of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act.'" (quoting *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016))); Tenn. Code Ann. § 40-30-102(a) (setting forth the one-year limitation period for a post-conviction action and stating that this limitation period runs from "the date of the final action of the highest state appellate court to which an appeal is taken").

Petitioner does not request that the Court stay these proceedings while he exhausts his state-court remedies for his unexhausted claim(s) [*See generally id.*]. Nor has Petitioner demonstrated "good cause" for his "failure to exhaust his claims first in state court," such that the Court could find that he may be entitled to stay of these proceedings while he exhausts his unexhausted claim(s) with the state court. *Rhines v. Weber*, 544 U.S. 269, 273, 277–78 (2005) (providing that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and where the "unexhausted claims are [not] plainly meritless"). Accordingly, this action will be **DISMISSED without prejudice** due to Petitioner's failure to exhaust his available state court remedies prior to filing this action.

Now the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the

3

petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that Petitioner did not exhaust his available state court remedies for his ineffective assistance of counsel claim prior to filing this action, a COA will not issue.

For the reasons set forth above:

1. This action will be **DISMISSED without prejudice**; and
2. A COA will not issue.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
